O’Neall, J.
dissenting. — I have come to a different conclusion from that attained by a majority of the Court.
It is manifest, upon reading the plaintiff’s deed from the defendant, that for every foot of land which it conveys, the defendant’s seizin, at the execution of the deed, is unquestionable. His deed expressly declares, “ that part claimed by the estate of Goode, is not conveyed.” The boundaries given, in *205 the deed, are, inter alia, “ the estate of R. Goode.” Take either the refusal to convey, or the boundary, and it is manifest that the land from which the deficit in the quanity arises, was not conveyed. How it can be pretended that the covenant of seizin, or quiet enjoyment, has been broken, I confess I do not perceive. The true rule is stated in the U. S. Digest, 1st vol. Title Covenant (c.) sec. 47 — “ The covenants of warranty, in a deed, do not extend to quantity of acres, unless so expressed.” The cases referred to seem to me to fully sustain the position. The case of Powell v. Clarke will be enough for my present purpose. The deed5 of the defendant, in that, case, conveyed to the plaintiif, in fee, two tracts of land. They were described the first, as the easterly end of a fifty acre lot, on what is commonly known by the name of Shirly’s grant, which the defendant-bought of Thomas Powell and Ephraim Powell, jr., the said easterly end extending westwardly as far as the main run of water, which passes through said land, containing 29 acres and 12 rods of ground. The second tract is described, as lying on a stream of water, called Millbrook, which the defendant bought of Samuel Warren ; and then the boundaries, by monuments, lines, and courses, are given, coming round to the first boundary, containing 6 acres and 130 rods of ground. There is a covenant to warrant the granted premises against all persons.
Mass. ReP-5 ‘
C. J. Parsons, delivering the judgment of the Court, says, “ in a conveyance of land, by deed, in which the land is certainly bounded, it is very immaterial whether any or what quantity is expressed ; for the description, by the boundaries, is conclusive. And when the quantity is mentioned, in addition to a description of the boundaries, without any express covenant that the land contains that quantity, the whole must be considered as a mere description.”
In the case before its, the land is as definitely described by boundaries, as was done in Powell v. Clarke. It is described, “ all that plantation, or parcel' of land, situate in said district, on the waters of Jackson’s branch, near Goodes’s mill, adjoining lands of Joseph Allen, estate of Goode, Elizabeth Thomas, and others. Said land was granted to John A. Owens, 5th December, 1825, for 270 acres, but a part thereof is claimed by the estate of Robert Goode ; the said W. A. Owens only conveys 200 acres; that part claimed by the estate of Goode is not conveyed ; and if it should be found there is more than 200 acres, besides that claimed by Goodes’s estate, the said John R. Morris is to be entitled to it.” Take this description and ask, is there any difficulty in ascertaining precisely'the land sold ? The boundaries would give the result. For there is no dispute except with Goodes’s estate; when that boundary is reached, the plaintiff’s land is located *206 by But take another means, the grant to Owens • every line is delineated, and its location is easy; but it conflicts with Goodes’s land. The defendant said in his deed, I don’t convey that: run it off, and the balance is the land conveyed. Of this, it might be said, in the language of C. J. Parsons — the “ tract is definitely limited, and any surveyor could ascertain its contents, and the plaintiff might have known the quantity of land contained, within the limits described, before he concluded his purchase, by taking the proper measures. If to avoid that trouble, he chose to rely on the estimate of the defendant, he should have taken care that an express covenant was introduced into the deed.” How aptly do these words apply to this case ! Here, the party says, I only convey 200 acres, after giving a full description; but adds, I do not convey Goodes’s claim, — if, however, there be more than 200 acres left of the grant, after Goodes’s claim be cut off, you are to have it. What is that, but estimating the quantity ? and as in Powell and Clarke, where the quantity was distinctly set down, without qualifying words, does it not require an express covenant as to quantity, to give the plaintiff a title fo recover?
2 M’C. 440.
3 MS. decís. C°l* ° '
But it is said the case of Talbert v. Mason controls this question. But I apprehend that it cannot do so, for several reasons : 1. That case was on a bond to make titles to land. It may be, that in such a case, (where titles were not executed, and where the recovery was not on the title to the land, but on a question of compensation, and where the land was alleged not to be conveyed according to the description in the contract of sale,) the description, in all its parts, constitutes the covenant to be complied with. But that is not so, on the covenants in a deed. The questions upon them, are: 1st. Was the grantor seized of the land conveyed by this deed ? 2d. Has the vendee quietly enjoyed the same ? Both these questions are obliged to be answered affirmatively here, and of course the plaintiff should not recover.
2. In that case, however, the judgment in favor of the plaintiff was rested upon the ground that the boundaries were uncertain, and hence the quantity was necessary to make out the description. In this case, there is no such uncertainty.
That case was decided May Term, 1823. In January, 1826, the case of Waters v. Caldwell underwent the review 0f three of the Judges, who gave the judgment in Talbert v. Mason. In it, the deed from Sarah Duncan conveyed part of a tract granted to herself, and described it as 1Ó0 acres, part of the grant to the said Sarah, and ajoining land of her, the said Sarah. It was undertaken to control the quantity, by proving a line which would make the plaintiff short 18 acres of her quantity. In passing upon the case, Colcock, J. un *207 dertakes to distinguish, it from Talbert v. Mason, and, strange to say, adopts and cites the very case of Powell v. Clarke,, which is utterly at war with Talbert v. Mason, unless the latter be put on the ground that it is on a bond for titles, in which no question of seizin, but one of description merely, arose. He says, “ the deed (meaning Sarah Duncan’s deed) differs in a material point from that in the case of Talbert v. The executors of Mason; there the only description was 100 acres, part of such a tract; here the deed mentions a quantity, and also refers to a plat annexed: the plat is not found, but the deed declares that the land purchased is designated by metes and bounds, and in such case, the quantity may be controlled by the boundaries.”
2 M’G'440
5 Mass. 355.
2 Spears, 68.
It is worthy of remark, how completely that opinion mistook the case before the Court, and that of Talbert v. Mason. In the case before the Court, the deed contained “ the only description of 100 acres, part of such a tract.” In Talbert v. Mason, the description was, “ situate near the village of Cambridge, in Abbeville and Edgefield districts, on Henley’s .creek, waters of Saluda river, containing 360 acres, bounded on lands belonging to James McCracken, Wm. Williams, Catlett Conner, and others.”
The case of Bauskett v. Jones decides, however, this very question. For there it was held, that a general warranty, such as in this deed, did not extend to quantity.
Richardson, J. concurred.